IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Yolanda Castillo, individually and on Behalf of all heirs of Jesus Castillo and Dennis Murphy as Personal Representative of the Estate of Jesus Castillo,<br><br>              Plaintiffs,<br><br>v.<br><br>WPX Energy, Inc.,<br>WPX Energy Williston, LLC,<br>Mobile Data, L.L.C.,<br>Balon Corporation,<br>Butler Machinery Company,<br>ABC Electric, Inc.,<br>L&K Electric, LLC,<br>Southwest Electric, Inc.,<br>Patrick Newman, and<br>John Doe 1, 2, and 3,<br><br>              Defendants. | Case No.: 4:14-CV-126<br><br>**COMPLAINT** |

Plaintiffs for their Complaint against the Defendants state:

**PARTIES**

1.

Yolanda Castillo is the widow of Jesus Castillo. Yolanda Castillo is a resident of the State of New Mexico.

2.

Jesus Castillo died in McKenzie County, North Dakota on October 22, 2012. At the time of his death, Jesus Castillo was married to Yolanda Castillo.

1

3.

Dennis Murphy is a resident of New Mexico. Mr. Murphy has been appointed Personal Representative of the Estate of Jesus Castillo by a state court in New Mexico.

4.

Defendant WPX Energy, Inc. is a corporation incorporated in Delaware and has its principal place of business in Oklahoma.

5.

Defendant WPX Energy Williston, LLC is a limited liability company organized in Delaware and has its principle place of business in North Dakota.

6.

Mobile Data, L.L.C. is a limited liability company organized in the state of North Dakota and has its principal place of business in North Dakota.

7.

Defendant Balon Corporation is a corporation organized in the state of Oklahoma and has its principal place of business in Oklahoma.

8.

Defendant Butler Machinery Company is a North Dakota corporation with its principal place of business in North Dakota.

9.

Defendant ABC Electric, Inc. is a North Dakota corporation with its principal place of business in North Dakota.

10.

Defendant L&K Electric, LLC is a North Dakota limited liability company with its principal place of business in North Dakota.

11.

Defendant Southwest Electric, Inc. is an Idaho corporation with its principal place of business in Colorado.

12.

Defendant Patrick Newman is an individual resident of North Dakota or Montana.

13.

Defendants John Doe 1, 2, and 3 are unknown at this time.

## JURISDICTION

14.

The matter in controversy exceeds $75,000.00 and the parties are citizens of different states.

15.

Yolanda Castillo is a citizen of New Mexico.

16.

Dennis Murphy is a citizen of New Mexico and has been appointed the Personal Representative of the Estate of Jesus Castillo by a state court in New Mexico.

17.

Jesus Castillo was a resident of New Mexico.

18.

None of the defendants are citizens of New Mexico.

19.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE

20.

All acts and omissions complained of occurred in McKenzie County, North Dakota.

21.

McKenzie County is located in the Northwestern Division of the District of North Dakota.

22.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

23.

Venue is proper in this division pursuant to D.N.D. Gen. L.R. 1.1.

## Factual Background

24.

On October 22, 2012, Jesus Castillo was employed by K&R Roustabout Service, Inc. K&R Roustabout Service, Inc. is a North Dakota corporation with its principle place of business in Killdeer, North Dakota.

25.

On October 22, 2012 Jesus Castillo was working on a well site owned, operated, and/or controlled by WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., and/or John Doe 1 or 2. The well site is known as Nathan Hale 4-25H and is located in McKenzie County, North Dakota.

26.

On October 22, 2012, Jesus Castillo and his co-workers were working on a piping system at the well site.

27.

Base upon information and belief formed after a reasonable inquiry, Patrick Newman was an agent or independent contractor of WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., and/or John Doe 1 or 2.

28.

Patrick Newman arrived at the well-site and issued orders and/or directives to Jesus Castillo and his co-workers.

29.

Patrick Newman directed Jesus Castillo and his co-workers to continue working on the piping system without allowing the tanks to be drained down. Newman then left the well-site.

30.

Shortly thereafter, a valve failed and approximately 4,000 gallons of crude oil sprayed and soaked Jesus Castillo and his co-workers.

31.

Based upon information and belief formed after a reasonable inquiry, the failed valve was manufactured and/or sold or leased by Balon Corporation. In the alternative, the failed valve was manufactured and/or sold or leased by John Doe 3.

32.

In an attempt to stop the spill, Jesus Castillo went to get some additional equipment.

33.

Shortly thereafter, the oil-soaked clothing of Jesus Castillo ignited and Jesus Castillo was burned so severely that these burns ultimately caused his death.

## CLAIMS FOR RELIEF

### Claim No. 1 - Wrongful Death - WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., Butler Machinery Company, ABC Electric, Inc., L&K Electric LLC, Southwest Electric, Inc., Patrick Newman, and John Doe 1 and 2

34.

For their first claim for relief, the Plaintiffs re-allege each preceding paragraph.

35.

WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., Butler Machinery Company, ABC Electric, Inc., L&K Electric LLC, Southwest Electric, Inc., Patrick Newman, and John Doe 1 and 2 had a duty of reasonable care and/or assumed a duty of reasonable care toward Jesus Castillo.

36.

WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., Butler Machinery Company, ABC Electric, Inc., L&K Electric LLC, Southwest Electric, Inc., Patrick Newman, and John Doe 1 and 2 breached their duty of care toward Jesus Castillo.

37.

The negligence of WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., Butler Machinery Company, ABC Electric, Inc., L&K Electric LLC, Southwest Electric, Inc., Patrick Newman, and John Doe 1 and 2 proximately caused the death of Jesus Castillo.

38.

The plaintiffs have suffered grievous loss and injury as a result of the death of Jesus Castillo.

### Claim No. 2 - Survival Action – WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., Butler Machinery Company, ABC Electric, Inc., L&K Electric LLC, Southwest Electric, Inc., Patrick Newman, and John Doe 1 and 2

39.

For their second claim for relief, the Plaintiffs re-allege each preceding paragraph.

40.

On October 22, 2012, Jesus Castillo was seriously and permanently injured as a result of the negligence of WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., Butler Machinery Company, ABC Electric, Inc., L&K Electric LLC, Southwest Electric, Inc., Patrick Newman, and John Doe 1 and 2.

41.

On October 22, 2012, Jesus Castillo died as a result of the negligence of WPX Energy, Inc., WPX Energy Williston, LLC, Mobile Data, L.L.C., Butler Machinery Company, ABC Electric, Inc., L&K Electric LLC, Southwest Electric, Inc., Patrick Newman, and John Doe 1 and 2.

42.

The Estate of Jesus Castillo has a claim for economic and non-economic damages including but not limited to pain and suffering, mental anguish, medical

expenses, lost income, lost future income, lost earnings, funeral expenses, and all other damages allowed by law.

43.

Dennis Murphy has been appointed Personal Representative for the Estate of Jesus Castillo and has standing to bring this claim on behalf of the Estate.

**Claim No. 3 - Wrongful Death – Balon Corporation and John Doe 3**

44.

For their third claim for relief, the Plaintiffs re-allege each preceding paragraph.

45.

Balon Corporation and/or John Doe 3 manufactured and/or sold or leased the valve that failed.

46.

The valve was unreasonably dangerous as a result of a manufacturing or design defect that caused it to fail.

47.

The defective valve proximately caused the death of Jesus Castillo.

48.

Plaintiffs have suffered grievous loss and injury as a result of the death of Jesus Castillo.

**Claim No. 4 - Survival Action – Balon Corporation and John Doe 3**

49.

For their fourth claim for relief, the Plaintiffs re-allege each preceding paragraph.

50.

On October 22, 2012, Jesus Castillo was seriously and permanently injured as a result of the defective valve.

51.

On October 22, 2012, Jesus Castillo died as a result of the defective valve.

52.

The Estate of Jesus Castillo has a claim for economic and non-economic damages including but not limited to pain and suffering, mental anguish, medical expenses, lost income, lost future income, lost earnings, funeral expenses, and all other damages allowed by law.

53.

Dennis Murphy has been appointed Personal Representative for the Estate of Jesus Castillo and has standing to bring this claim on behalf of the Estate.

WHEREFORE, the plaintiffs request the following relief:

(1) Compensatory damages in an amount to be determined by the jury;

(2) Costs and disbursements as provided by law;

(3) Such other relief as the Court and jury find necessary.

## Jury Demand

Plaintiffs request a trial by jury.

Dated this _7_ day of October, 2014.

_/s/ T Dicks_
**THOMAS A. DICKSON (ND BAR ID# 03800)**
tdickson@dicksonlaw.com
DICKSON LAW OFFICE
P.O. Box 1896
Bismarck, ND 58502
(701)222-4400

Dennis Edward Johnson **(ND BAR ID# 03671)**
dennis@dakotalawdogs.com
Ariston E. Johnson **(ND BAR ID# 06366)**
ari@dakotalawdogs.com
JOHNSON & SUNDEEN
109 5th St. SW
P.O. Box 1260
Watford City, ND 58854-1260

Attorneys for Plaintiffs